334

## CIRCUIT COURT OF FAIRFAX COUNTY

Building by Design, Ltd.

v.

Murray et al.

November 12, 2002

Case No. (Law) 205080

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court on September 5 and October 31, 2002, upon a claim and counterclaim alleging breach of contract. At the close of evidence, the case was taken under advisement.

*Facts*

As the result of a tree falling on their residence, the Murrays entered into a contract with Building by Design, Ltd., to repair substantial damage, including damage to the roof. The terms of said contract were to perform a scope of repairs based upon a Travelers Insurance Company estimate.

Upon being informed that the work was completed, the Murrays noted deflections in the roof line and refused to accept the repair. Building by Design, Ltd., attempted to improve the roof, then stated the roof should be acceptable. The Murrays refused to pay the balance of the contract price and hired another contractor to evaluate and correct the alleged defective work. This suit for the balance of the contract price and countersuit for the cost to correct the work followed.

*Analysis and Rulings*

The Court finds that the condition of the roof and failure to correct the condition constitutes a breach of contract by Building by Design, Ltd. In order to determine the effect of said breach, it is necessary to examine the contract language:

We propose hereby to furnish materials and labor — complete in accordance with the above specifications, for the sum of Twenty One Thousand Eight Hundred Thirty-Three and 33/100 dollars ($21,833.33). Payment to be made as follows: $500.00 w/contract, $4,366.66 start of work, $4,366.66 start of roof, $4,366.66 of rough-in, $4,366.66 start of drywall, $2,183.34 start of paint, $2,183.35 Finish.

(Plaintiff Exhibit No. 1.)

The question to be answered is whether this is an "entire" or "divisible" contract. This is not controlled by whether or not the contract price is to be paid in installments. The nature of the language used and the subject matter of the agreement are the keys from which the intent of the parties can be ascertained. "As a general rule it may be said that a contract is entire when by its terms, nature, and purpose it contemplates and intends that each and all of its parts and consideration shall be common each to the other and interdependent." *Shelton v. Stewart*, 193 Va. 162, 167, 67 S.E.2d 841 (1951). The contract in this case is "entire" or "indivisible."

Having found that Building by Design, Ltd., has breached an entire contract, the question is raised whether it may recover anything at this stage. While Virginia case law remains silent on this question, foreign jurisdictions as well as various treatises uniformly indicate that no recovery will lie for partial performance on an indivisible contract. (See *Bentley v. Edwards*, 125 Minn. 179, 146 N.W. 347 (1914); Williston, *The Law of Contracts*, § 45.17.) On the other hand, recovery for substantial performance lies when the entire contract has already been performed, albeit not perfectly. Whereas part performance allows recovery only for performance of a small portion of the contract, substantial performance allows a plaintiff to recover the full contract price minus any damages to which a defendant is entitled as the result of the breach. See Farnsworth, *Farnsworth on Contracts*, § 8.12 (2d ed., 2001). The Court finds the doctrine of substantial performance to apply in this case.

*Damages*

The value of the balance of the contract is $15,833.46. The Murrays, however, are entitled to their damages as the result of the breach. According to the testimony and exhibits, the Murrays paid G & G Services $9,623.65 for the roof repair after the breach. When one "backs out" the cost of higher grade materials, the adjusted cost of the work is $8,623.65. The original contract provided for replacement of twelve squares of asphalt shingles rather than the twenty squares performed by G & G Services; however, the larger area was necessary to correct the truss misalignment in the Building by Design, Ltd., work.

In addition, the Murrays incurred costs and attorney's fees. The contract provides: "If either party breaches this contract, the non-breaching party shall be entitled to collect reasonable attorney's fees and all costs incurred in enforcing this contract." (Plaintiff's Exhibit No. 1.)

Thus, Building by Design, Ltd., shall recover the sum of $15,833.46 less $8,623.65, less $799.10, less $3,700.00, or a total sum of $2,710.71.